FILED
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

2012 JUN -6 AM 10: 10

------------------------------------------------------------x   Index No.

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

ERICK M CAMPBELL,

                       Plaintiff,

   -against-

THE CITY OF NEW YORK,
POLICE OFFICER C. HELD, Shield No. 2103,
and POLICE OFFICERS "JOHN DOES" #S 1 -2,

                       Defendants.
------------------------------------------------------------x

COMPLAINT

CV 12 - 2837

**JURY TRIAL DEMANDED**

KUNTZ, J.

BLOOM, M.

Plaintiff ERICK M. CAMPBELL, by his attorneys, OFODILE & ASSOCIATES, P.C., complaining of the Defendants – the City of New York (hereinafter also referred to as "City"), Police Officer Held, Shield # 2103, and Police Officers John Does #s 1 and 2, upon information and belief, alleges as follows:

**JURISDICTION AND VENUE**

1.    This is an action at law to redress use of excessive against Plaintiff in violation of the Plaintiff's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983. This is also an action to redress the pain and suffering and psychological injuries sustained by Plaintiff as a result of the intentional, malicious, careless, and reckless acts of the City of New York through some of its Police Officers.

1

2. Jurisdiction is specifically conferred on the United States District Court by 28 U.S.C. § 1331, this being an action arising under the Constitution and Federal Law, and by 28 U.S.C. § 1343(a)(3), this being an action authorized by law to redress the deprivation, under color of statute, ordinance, regulation, custom or usage, of rights, privileges, and immunities secured to Plaintiff by the Fourth, Fifth, and Fourteenth Amendments to the Constitution, and by 42 U.S.C. § 1983.

3. Venue is proper in the Eastern District of New York because the events complained of occurred in Queens County, which is within the Eastern District of New York.

**PARTIES**

4. During all times relevant and material to this Complaint, Plaintiff Erick Campbell was a resident of the City of Yonkers in the State of New York, residing at 793 Malean Avenue, Yonkers, NY 10704.

5. At all times relevant and material to this case, Defendant the City of New York was, and upon information and belief, still is a municipal corporation incorporated under the laws of the State of New York and the employer of Defendant Police Officers and is responsible for their actions under New York State Constitution, Article 1, section 12, under the *respondeat superior* rule and/or under the agency principle.

6. At all times relevant and material to this case, Defendants Police Officer C. Held, Shield No. 2103 and Police Officers John Does #s 1 and 2, were employed by the City of New York in its Police Department, were of the 424 Command and upon information, worked out of the 112th Precinct in Queens, New York

## FACTUAL ALLEGATIONS

7. On May 14, 2010, while driving in Queens, on BQE, Defendant Police Officers alleged that Plaintiff was driving 74 miles an hour in a 45 miles an hour speed zone and that they attempted to pull Plaintiff over by putting their lights and sirens on.

8. Upon information and belief, Defendant Police Officers also alleged in the statement they gave to the Queen's District Attorney's Office Intake Bureau that it appeared that Plaintiff was about to pull over before he allegedly sped up on the ramp, causing Police Officer C. Held and his partner to suffer back pain.

9. Officer Defendants further alleged in the same statement that Plaintiff got of BQE, jumped out of the vehicle he was driving while it was still moving and the said vehicle then rolled and hit a parked yellow cab causing damage to the front quarter panel of the parked yellow cab.

10. The arresting officer and his partner alleged that it was then that they arrested Plaintiff and that they observed signs of intoxication.

11. The arresting officers charged Plaintiff with speeding and causing injury to an officer and the District Attorney added other charges.

12. The arresting Officers did not mention anything about Plaintiff resisting arrest, the need to use force or that they used any type of force on Plaintiff on May 14, 2010.

13. Plaintiff did not have any injuries before his contact with the individual defendants and was not involved in any altercation before that and neither was he injured or involved in any altercation after his arrest by the individual defendants.

14. After Plaintiff was arrested by Police Officer Held and his partner, Plaintiff was taken to Queens Hospital Center either before or after arraignment where, upon information and belief, he did not receive any "treatment" before being remanded to Rikers Island.

15. In Rikers Island, at approximately 9:00 p.m., on May 15, 2010, Plaintiff was seen by Dr. E. Brathwaite who recorded that inmate (Plaintiff) was beaten by the police during his arrest and Dr. Brathwaite observed, among other things, that "right arm looks suspicious for fracture. Multiple abrasions and contusions noted".

16. Dr. Brathwaite also suspected right shin fracture and diagnosed blunt trauma to right arm and right shin although X-rays of Plaintiff's femur/knee, tibia/fibula and forearm/elbow/humerus/ shoulder eventually proved negative for noticeable fracture/s.

4

17. The significant findings of the doctor during his examination included, but were not limited to "multiple contusions of right arm, concussion, echymosis/soft tissue swelling".

18. Plaintiff was admitted by Dr Brathwaite to the infirmary "until dizzy/nausea and concussive syndrome resolves". Plaintiff was prescribed percocet for pain, as needed.

19. Plaintiff was taken to Bellevue Hospital sometime between the 15th of May to sometime in the morning of the 16th and was back at Rikers Island by 10:00 a.m. where he was presented to the Clinic as a hospital return and his medical notes indicated that Plaintiff complained of pain upon ambulating and noted the discharge diagnoses from the hospital as including, among other injuries, multiple concussions, contusions, in addition to echymosis/soft tissue swelling.

20. Plaintiff's progress notes at the infirmary on May 16, 2010 noted concussion syndrome caused by blunt trauma to the head, laceration at the back of the head, multiple contusions (arm and leg), blunt trauma to the head and body, walking with a limp, and Plaintiff complaining of right leg and right arm pain and also headache, his orientation was 0 x 1. The notes further noted that Plaintiff was "unaware of month, day or year. Patient states he knows he's in jail but unaware of facility." The notes also later noted that Plaintiff could hardly move his right hand, could not raise it or lower it, had open wound in the left occipital region which had to be cleansed and dressed, that Plaintiff could not remember where he was and did not remember if he had relatives or not, and upon information and belief, because of Plaintiff's

5

believed worsening condition, EMS was called and he was again taken to the hospital.

21. Plaintiff has no memory of the events of May 14, 2010 and soon thereafter and can only rely on what were on the hospital records and records of the police and the District Attorney and his short and long term memories, were, upon information and believe, irreparably damaged by the beatings he received at the hands of the Defendant Police Officers.

22. Plaintiff has suffered a debilitating and incapacitating memory loss as a result of the assault the individual defendants subjected him to and did not even have a memory of his appearance in court during which he understood that he pled guilty to attempted Assault 2 (PL 110-120.05(03) and was sentenced on same.

23. Plaintiff understood that it was the Correction Officers at Intake who, upon observing him determined that something was seriously wrong with him and therefore sent him to medical for assessment/evaluation. Plaintiff has no memory of his odd behavior that alerted Correction Officers to his serious medical needs.

24. Upon information and belief, the arresting Officers assaulted and brutalized Plaintiff because he allegedly did not pull over where they thought he should have pulled over and because they had to speed up to follow Plaintiff, both allegedly injured their backs and, in their anger, decided to brutalize Plaintiff and teach him a lesson and therefore kicked him, hit him and also punched him on the head, body, shoulders, arms and legs in the process, causing

6

Plaintiff serious physical injuries.

25. Plaintiff did not resist arrest, did not assault Defendant Officers and, upon information and belief, the officers stated that Plaintiff did nothing that required use of physical force on him. Furthermore, Plaintiff was never arrested for resisting arrest and his plea/conviction was based on his attempting to prevent traffic officers from lawfully performing their duties when he allegedly sped up through the ramp when the officers believed that he was about to pull over, causing the officers to follow him through the ramp.

26. As a result of the actions of the Defendant Police Officers in brutalizing Plaintiff, he sustained severe physical injuries as well as significant memory loss, was traumatized and continues to be traumatized as a result and Plaintiff is entitled to special and general damages therefore.

27. The actions of Police Officer C. Held and John Does #s 1 and 2 were wanton, intentional and were done knowingly, deliberately and maliciously, in violation of Plaintiff's constitutional rights and Plaintiff is therefore entitled to punitive damages against them to discourage them personally and others like them from continuing to callously violate citizens constitutional and other rights.

## AS FOR A FIRST CAUSE OF ACTION

28.  Plaintiff repeats and re-alleges paragraphs 1 through 27 as if each paragraph is repeated and re-alleged verbatim herein.

29.  Plaintiff was struck, hit, kicked and punched numerous times on the head, face, body, legs and arms, by Defendant police officers causing numerous abrasions and contusions, concussions, echymosis/soft tissue swelling , and the beating meted out to Plaintiff by Defendants has caused Plaintiff significant memory loss which, upon information and belief, is permanent, incapacitating him and his ability to live a fruitful life and function well in society and Plaintiff is entitled to damages from Defendants, enough to compensate him for the present and future loss of enjoyment of life, and loss of employment opportunities as well and for the pain and suffering he has already endured and may continue to endure as a result of the actions of Defendants.

30.  In assaulting and battering Plaintiff as aforementioned Officer C. Held and John Doe #s 1-2 violated Plaintiff's rights not to be subjected to excessive force secured by the Fourth and Fourteenth Amendments enforceable through 42 U.S.C. § 1983.

## AS FOR A SECOND CAUSE OF ACTION

31.  Plaintiff repeats and re-alleges paragraphs 1 through 30 as if each paragraph is re-repeated and alleged verbatim herein.

32. Plaintiff was struck, hit, kicked and punched numerous times on the head, face, body, legs and arms, by Defendant police officers causing numerous abrasions and contusions, concussions, echymosis/soft tissue swelling , and the beating meted out to Plaintiff by Defendants has caused Plaintiff significant memory loss which, upon information and belief, is permanent, incapacitating him and his ability to live a fruitful life and function well in society and Plaintiff is entitled to damages from Defendants, enough to compensate him for the present and future loss of enjoyment of life, and loss of employment opportunities as well and for the pain and suffering he has already endured and may continue to endure as a result of the actions of Defendants.

33. In assaulting and battering Plaintiff as aforementioned Officer C. Held and John Doe #s 1 -2 violated Plaintiff's rights not to be subjected to unreasonable seizure/excessive force secured to him by Article 1 § 12 of the New York State Constitution and are liable to Plaintiff for damages sustained as a result.

### AS FOR A THIRD CAUSE OF ACTION

34. Plaintiff repeats and re-alleges paragraphs 1 through 33 as if each paragraph is repeated and re-alleged verbatim herein.

35. The City of New York was the employer of all the individual defendants that their actions damaged Plaintiff as alleged herein and is liable to Plaintiff with the respective individual defendants, jointly and severally, under the common law *respondeat superior* and/or agency rule

for damages sustained under Article 1 § 12 of the New York State Constitution, as pled under the 2nd Cause of Action.

## AS FOR A FOURTH CAUSE OF ACTION

36. Plaintiff repeats and realleges paragraphs 1 through 35 as if each paragraph is repeated verbatim herein.

37. The violations of Plaintiff's constitutional rights by the individual Defendants and were carried out under the following policies, customs, and practices of Defendant City of New York:

I. City to failed to properly train, supervise, discipline and hold accountable its police officers and its affirmative instruction to police officers to stop citizens when they have not committed any crimes which has encouraged and fostered unconstitutional behavior among New York City Police Officers and Plaintiff is therefore entitled to damages against the City for the violation of his constitutional rights.

II. Failure to establish, publish, and instill in New York City Police Officers and Detectives the practical meaning of probable cause or reasonable cause for arrests so that officers would not detain and/or arrest citizens based on their hunches, inklings, or mere suspicion and without reasonable or probable cause;

III. Failure to establish, publish, and instill in New York City Police Officers and Detectives the importance of conducting an investigation before arresting a

member of the public;

IV. De-emphasizing the importance of an arrest warrant issued by a Judge or Magistrate, which would act as a buffer between the citizenry and the Police, and encouraging the Police under the aggressive policing policy of the Giuliani and Bloomberg administrations to arrest first and ask questions later; and

V. Failing to take proper corrective and punitive actions against overreaching police officers and creating the impression that crime reduction is paramount and triumphs over constitutional rights in all circumstances.

38. Under 42 U.S.C. § 1983, Defendant City is jointly and severally liable with the individual Defendants under Monell, and under Article 1 § 12 of the New York State Constitution, the City is jointly and severally liable to Plaintiffs under principal/agent and/or respondeat superior rule, for the general and specific damages Plaintiffs sustained in the First and Third Causes of Action, as well as for the attorneys' fees and the costs and disbursements of the action, under 42 U.S.C. section 1983.

**WHEREFORE**, Plaintiff prays judgment against Defendants, awarding him:

1. As against the individual Defendants for violation of his federal constitutional rights, jointly and/or severally, according to proof:

    i. general and compensatory damages in an amount that would adequately compensate him for past injuries suffered and future injuries to be suffered for the violation of his rights and for his emotional, mental, and physical distress;

    ii.     lost earnings and lost opportunities to earn income, in the amount to be proved at trial and in accordance with proof;

    iii.    punitive damages in an amount sufficient to punish the individual Defendants and deter others like them from repeating such unlawful conduct;

    iv.    attorneys' fees and the costs and disbursements of this action -- against all Defendants, jointly and severally; and

    v.     such other relief as the court deems just and proper.

2. As against the individual Defendants and the City of New York for violation of Article 1 § 12 of New York State Constitution, jointly and severally:

    i.      general and compensatory damages in an amount that would adequately compensate him for past injuries suffered and future injuries to be suffered for the violation of his rights and for his emotional, mental, and physical distress; against all Defendants, jointly and severally;

    ii.     lost earnings and lost opportunities to earn income, in the amount to be proved at trial and in accordance with proof;

    iii.    punitive damages (against the individual defendants only) in an amount sufficient to punish the individual Defendants and deter others like them from repeating such unlawful conduct – against the individual Defendants, jointly and severally;

    iv.    attorneys' fees and the costs and disbursements of this action -- against all

Defendants, jointly and severally; and

v. such other relief as the court deems just and proper.

Dated: Brooklyn, New York
June 5, 2012

OFODILE & ASSOCIATES, P.C.
Attorneys for Plaintiff

By_____
Anthony C. Ofodile, Esq. (AO-8295)
498 Atlantic Avenue
Brooklyn, New York 11217
718 852-8300